UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL SWIFT,

       Plaintiff,

v.                       CASE NO. 8:14-cv-1103-T-33AEP

DREAMBUILDER INVESTMENTS, LLC,
ET AL.,

       Defendants.
_____/

**<u>ORDER</u>**

    This cause comes before the Court pursuant to Plaintiff Michael Swift's Second Motion for Extension of Time to Keep Case Open and Motion to Enforce Settlement Agreement (Doc. # 39) filed on October 15, 2014. For the reasons that follow, the Court denies Swift's Motion.

**<u>Discussion</u>**

    On May 9, 2014, Swift filed a Complaint against Defendants alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.*, and the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (Doc. # 1). Thereafter, on July 14, 2014, Swift filed a Notice of Settlement indicating that "Plaintiff and

1

Defendant, BP Law Group, LLC (hereinafter, "BP Law Group"), have reached a verbal settlement with regard to Plaintiff's claims against BP Law Group only, and Plaintiff and BP Law Group are presently drafting, finalizing, and executing a written settlement agreement and release of liability." (Doc. # 16). Upon being informed of the settlement, the Court entered the following Order:

> That on the basis of Plaintiff's Notice of Pending Settlement as to BP Law Group, LLP [16], this case is hereby DISMISSED, without prejudice and subject to the right of the parties, within SIXTY (60) days of the date hereof, to submit a stipulated form of final order or judgment, or request an extension of time, should they so choose or for any party to move to reopen the action, upon good cause being shown as to Defendant BP Law Group, LLP ONLY. After that SIXTY (60) day period, however, without further order, this dismissal (as to Defendant BP Law Group, LLP ONLY) shall be deemed with prejudice. This action remains pending as between Plaintiff Michael Swift and Defendants Dreambuilder Investments, LLC and Land/Home Financial Services, Inc.

(Doc. # 17).

On September 10, 2014 Swift filed an unopposed Motion to extend time to Keep the Case Open (Doc. # 33). On September 12, 2014, this Court entered an Order extending the deadlines by 30 days. Swift now moves this Court, on the 90th day, to keep the case open and enforce the settlement agreement between Swift and BP Law Group (Doc. # 39). According to

2

Swift's Motion, the settlement agreement required BP Law Group to pay Swift settlement funds. (<u>Id.</u> at ¶ 7). To date, Swift claims full payment has not been received (<u>Id.</u> at ¶ 9). Therefore Swift argues, "Defendant BP Law Group, LLP breached the terms of the settlement agreement by failing to provide full settlement funds on or before September 30, 2014." (<u>Id.</u>).

This Court, however, denies Swift's Motion. When the parties notified the Court that they reached a settlement, the Court entered its Order of dismissal and did not incorporate the terms of the settlement into that Order. The Court is under no obligation to retain jurisdiction over a settled case and the Court declines to do so here. <u>See Kokkonen v. Guardian Life Ins. Co.</u>, 511 U.S. 375 (1994).

> The situation would be quite different if the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal – either by separate provision (such as a provision "retaining jurisdiction" over the settlement agreement) or by incorporating the terms of the settlement agreement in the order. In that event, a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist. That, however, was not the case here. The judge's mere awareness and approval of the terms of the settlement agreement do not suffice to make them part of his order.

<u>Id.</u> at 381. Enforcement of a privately negotiated settlement agreement (which is merely a contract between the parties)

3

requires an independent basis for federal jurisdiction.  Id. at 382.  An enforcement action, such as the request contained in the present Motion, is best left for resolution by the state courts.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff Michael Swift's Second Motion for Extension of Time to Keep Case Open and Motion to Enforce Settlement Agreement (Doc. # 39) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 16th day of October, 2014.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE


Copies: All Counsel of Record

4